UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHARON CAIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:06CV0452 HEA |
| | ) |
| ARTHROCARE CORPORATION, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

This matter is before the Court on Defendant Arthrocare Corporation's Motion to Dismiss Count IV of Plaintiff's First Amended Complaint [#8]. Plaintiff has responded to the motion. For the reasons set forth below, Defendant's motion is denied.

## Facts and Background[1]

Plaintiff, Sharon Cain, brings this action against Defendant Arthrocare Corporation based on injuries she suffered following surgery on her shoulder. Defendant manufactures and sells medical devises for application in arthroscopic rotator cuff repair. The devises are commonly known as "suture anchors" and are

---

[1] The recitation of facts is taken from the parties' pleadings and is set forth for the purposes of this Order only. The recitation in no way relieves the parties of any proof thereof in future proceedings.

surgically drilled into a patient's bone to repair the rotator cuff.

On September 13, 2004, Plaintiff's rotator cuff was repaired by using Defendant's suture anchors. Following surgery, Plaintiff claims she suffered severe pain and complications in her shoulder, and radiographs indicated that the suture anchors had broken apart in Plaintiff's shoulder.

On March 10, 2006, Plaintiff filed her Complaint against Defendant and amended her Complaint on May 12, 2006. Plaintiff's First Amended Complaint includes claims against Defendant Arthrocare for negligence (Count I), strict liability (Count II), breach of warranty (Count III), and violations of the Missouri Merchandising Practices Act (Count IV). Plaintiff seeks an award of damages in excess of $75,000 for each count, exclusive of interest and costs of suit.

Defendant now moves to dismiss Count IV against it pursuant to Rules 12(b)(6) of the Federal Rules of Civil Procedure and claims Plaintiff has failed to plead fraud with sufficient particularity pursuant to Rule 9(b). At this stage in the proceedings, the Court will not analyze whether Plaintiff can prove her allegations, rather, the Court is merely required to ascertain whether Plaintiff has stated a cause of action upon which relief can be granted.

**Standard of Review**

The purpose of a motion under Rule 12(b)(6) is to test the sufficiency of the

complaint. When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Midwestern Machinery, Inc.*, 167 F.3d 439, 441 (8th Cir.1999). The complaint must be liberally construed in a light most favorable to the plaintiff. *Midwestern Machinery,* 167 F.3d at 441; *Springdale Educ. Ass'n v. Springdale Sch. Dist.,* 133 F.3d 649, 651 (8th Cir.1998). "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." *Silver v. H & R Block, Inc.,* 105 F.3d 394, 397 (8th Cir.1997). But a motion to dismiss should not be granted merely because a complaint does not state with precision every element of the offense necessary for recovery. *Roberts v. Walmart Stores, Inc.,* 736 F. Supp. 1527, 1528 (E.D. Mo. 1990). "A complaint is sufficient if it contains allegations from which an inference can be drawn that evidence on these material points will be introduced at trial." *Id.* Therefore, a motion to dismiss a complaint should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling him to relief. *Conley,* 355 U.S. at 45-46.

## **Discussion**

Defendant argues that Count IV of Plaintiff's Amended Complaint, which alleges

violations of the Missouri Merchandising Practices Act, should be dismissed because Plaintiff has not plead sufficient facts to establish a cause of action for such claims. Defendant contends that Count IV alleges misrepresentation by omission of a material fact but fails to allege or suggest that Plaintiff had any communication with Arthrocare in connection with her surgery. Defendant argues there can be no omission of a material fact without some kind of communication between Plaintiff and Defendant, during which a duty to disclose would arise.

The Merchandising Practices Act ("MPA") was created to supplement the definition of common law fraud. *Clement v. St. Charles Nissan, Inc.,* 103 S.W.3d 898, 899 (Mo. App. 2003) (citing *State ex rel. Danforth v. Independence Dodge, Inc.,* 494 S.W.2d 362, 368 (Mo. App. 1973)). It attempts to preserve fundamental honesty, fair play and right dealings in public transactions. *Id.* "The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . . in or from the state of Missouri is declared to be an unlawful practice." MO. REV. STAT. § 407.020.1 (2000). There is no definitive definition of deceptive practices. *Clement,* 103 S.W.3d at 900 (citing *State ex rel. Webster v. Areaco Inv. Co.,* 756 S.W.2d 633, 635 (Mo. App. 1988)). The MPA is broad in scope in order to prevent evasion by

overly meticulous definitions; the determination of whether fair dealing has been violated turns on the unique facts and circumstances of each case. *Id.* To establish "unlawful practice" it is not necessary to prove the elements of common law fraud. *Id.* It is the actor's conduct, rather than his intent, that determines a violation of the MPA. *Webster v. Eisenbeis,* 775 S.W.2d 276, 278 (Mo. App. 1989).

In this case, Plaintiff has plead that prior failures of Defendant's suture anchors was a material fact, and Defendant's failure to disclose the anchors' propensity to fail constituted an omission of a material fact. Plaintiff also plead that Defendant's manufacture and sales of the suture anchors under the circumstances above constituted unfair practices under the MPA. Plaintiff further alleged that as a direct and proximate cause of the unfair practices and omission of material facts, she has suffered ascertainable losses and is entitled to recover for such losses.

The Court finds that Plaintiff has adequately plead violations of the MPA, since Plaintiff alleged the circumstances surrounding Defendant's failure to disclose the suture anchor's propensity to fail. Actual communication, as alleged by Defendant, is not necessary to state a claim for unfair practices under the MPA. Plaintiff's allegation that Defendant's failure to disclose the suture anchor's history constituted concealment and/or omission under the MPA, the omission was material, and that the unfair practice

caused a substantial injury to Plaintiff is sufficient under Rule 12(b)(6).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Arthrocare Corporation's Motion to Dismiss Count IV of Plaintiff's First Amended Complaint [#8] is denied.

Dated this 10th day of July, 2006.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE